# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | | |
|---|---|---|
| OMAR JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-00025 |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| KWIK SHOP INC., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant hereby removes this action under 28 U.S.C. §§ 1331, 1332, 1441, and 1446 from the District Court for Pottawattamie County, Iowa, to the United States District Court for the Southern District of Iowa. In support of removal, Defendant states as follows:

**I.  THE STATE COURT ACTION**

1. Plaintiff commenced this action on August 18, 2023, by filing a Petition in the District Court for Pottawattamie County, Iowa, captioned *Omar Jones v. Kwik Shop Inc.*, Case No. CVCV124410 (the "State Court Action").

2. Defendant was served with the Summons and Petition on September 8, 2023.

3. This Notice of Removal is timely because it is filed within 30 days of service on Defendant. *See* 28 U.S.C. § 1446(b).

4. No motions are currently pending in the State Court Action.

5. By removing this action, Defendant does not waive any defenses or objections that it may have, including but not limited to sufficiency of process, service of process, and personal jurisdiction.

6. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders served on Defendant and filed in the State Court Action are attached as Exhibit A.

## II. APPROPRIATE VENUE AND NOTICE REQUIREMENT

7. Venue is proper in this Court because the case was originally filed in the District Court for Pottawattamie County, Iowa, which is within this judicial district. 28 U.S.C. §§ 95(b)(3), 1441(a), and 1446(a); Local Rule 3(b).

8. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the District Court for Pottawattamie County, Iowa, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## III. NATURE OF CLAIMS AND FEDERAL JURISDICTION

9. This is a civil action asserting claims under Title VII of the Civil Rights Act and the Iowa Civil Rights Act ("ICRA") for race discrimination in the alleged denial of public accommodations. *See* Petition.

10. The Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332 because it arises under federal law, and because the amount in controversy exceeds $75,000 and the parties are completely diverse.

### A. Federal Question Jurisdiction – 28 U.S.C. § 1331

11. Plaintiff's Petition asserts a count under Title VII of the Civil Rights Act based on the alleged denial of public accommodations. *See* Petition, ¶¶ 1, 5, and "WHEREFORE" clause following ¶ 33.

12. Accordingly, this Court has original federal question jurisdiction over this case under 28 U.S.C. § 1331.

13.     Plaintiff also asserts a count under the Iowa Civil Rights Act based on the alleged denial of public accommodations. *See* Petition, ¶¶ 1, 5, and "WHEREFORE" clause following ¶ 33.

14.     "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

15.     Claims are part of the same case or controversy "if they derive from a common nucleus of operative fact," which means "the claims are such that [plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *ABF Freight Sys., Inc. v. Int'l Broth. Of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011).

16.     Here, Plaintiff's Title VII and ICRA claims arise under the same factual allegations and, thus, are part of the same case or controversy. *See* Petition. Accordingly, this Court has supplemental jurisdiction over Plaintiff's ICRA claim under 28 U.S.C. § 1367.

**B.     Diversity Jurisdiction – 28 U.S.C. § 1332**

17.     Diversity jurisdiction requires complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Junk v. Terminix Int'l Co.*, 628 F. 3d 439, 445 (8th Cir. 2010).

18.     Plaintiff states he "is a citizen and resident of the United States and of Council Bluffs, Pottawattamie County, Iowa." *See* Petition ¶¶ 6, 9.

19.     A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1).

20. Defendant is incorporated under the laws of Kansas and has its principal place of business in Massachusetts. *See* Declaration of Laura Sherman, attached hereto as Exhibit B. *See also* Petition ¶ 7. Accordingly, Defendant is a citizen of Kansas and Massachusetts, and the parties are completely diverse.

21. Diversity jurisdiction also requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

22. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

23. When removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. 547, 554 (2014).

24. Defendant need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if he were to prevail, not that Plaintiff would definitely be awarded more than that amount. *See Kopp,* 280 F.3d at 885; *see also Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822-23 (8th Cir. 2011). Once Defendant satisfies this burden, Plaintiff may defeat federal jurisdiction only if it appears to "a legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown,* 41 F.3d 387, 388 (8th Cir. 1994); *Kopp,* 280 F.3d at 885; *See also Schubert,* 649 F.3d at 822-23.

25. Attorneys' fees and costs also are included in calculating the amount in controversy. *Huss v. Sun Pharm. Indus., Inc.,* No. 4:18-CV-449, 2019 WL 13216613 at *1 (S.D. Iowa Feb. 14,

2019) (noting that the Notice of Removal indicated plaintiff sought damages and attorneys' fees exceeding $75,000); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (relying on the availability of attorneys' fees to bring a potential award over the amount-in-controversy threshold). *See also Feller v. Hartford Life and Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1104–08 (S.D. Iowa 2010) (collecting cases and including attorneys' fees in the amount in controversy); *City of Blue Grass, Iowa, v. Mediacom Commc'ns. Corp.*, 2017 WL 7693383, at *2 (S.D. Iowa Apr. 3, 2017) (including attorneys' fees).

26. Courts also consider a plaintiff's claim for punitive damages in determining the amount in controversy. *See Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097 (S.D. Iowa 2010).

27. Plaintiff's Petition "demands judgment against the Defendant, Kwik Shop, in an amount which will fully and fairly compensate him for his injuries and damages, for interest as allowed by law, for attorneys' fees, punitive damages for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of Iowa Civil Rights Act of 1965, as amended, Iowa Code §215 (2021) and Title VII of the Civil Rights Act of 1964." *See* Petition, "WHEREFORE Clause after ¶ 33.

28. Although Defendant denies it engaged in wrongful conduct and denies Plaintiff is entitled to any of the relief he seeks, it is clear from the combination of Plaintiff's claims for compensatory damages, punitive damages, and attorneys' fees, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV.   COMPLIANCE WITH PROCEDURAL REQUIREMENTS

29. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Iowa District Court for Pottawattamie County, Iowa,

and will simultaneously provide written notice of the filing of this Notice of Removal to counsel for Plaintiff as reflected by the Certificate of Service.

30. Defendant reserves any and all defenses to the claims alleged by Plaintiff.

## V.   CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action to this Court from the Iowa District Court for Pottawattamie County, and requests that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

*/s/ Robert A. Sheffield*
Robert A. Sheffield, AT0013200
Direct: 816.627.4432
E-Fax: 816.817.1622
rsheffield@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO  64106

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, the above and foregoing was filed using the Court's CM/ECF system, which sent notice of same to the following counsel of record:

Mark J. Rater
221 S. Main
Council Bluffs, IA 51503
Ph 712-323-3266
Fax 712-323-9368
mark@raterlaw.com

ATTORNEY FOR PLAINTIFF

                                              */s/ Robert A. Sheffield*
                                              Attorney for Defendant